IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| PCI DE LLC; PCI PR LLC; Better Puerto Rico, LLC, **Plaintiffs** v. Paulson & Co., Inc.; F40, LLC; V12 Land LLC; Rafael Cedeño Paulson, **Defendants** | Civil No. 24-1001(RAM) |

**MEMORANDUM AND ORDER**

On January 3, 2024, Defendants Paulson & Co., Inc. ("Paulson & Co."); F40, LLC ("F40"); V12 Land, LLC ("V12"); and Rafael Cedeño Paulson ("Cedeño") (collectively, "Defendants") filed a *Notice of Removal* asserting federal question and diversity jurisdiction as grounds for removal. (Docket No. 1). The Court hereby **REMANDS** the present case for lack of subject matter jurisdiction for the following reasons.

I.   PROCEDURAL BACKGROUND

On December 20, 2023, Plaintiffs PCI DE LLC ("PCI DE"), PCI PR LLC ("PCI PR"), and Better Puerto Rico, LLC ("BPR") (collectively, "Plaintiffs") filed a *Complaint* for Possessory Injunction in the Court of First Instance of Puerto Rico, Superior Part of San Juan. (Docket No. 14-1). *See* PCI DE LLC and others v. Paulson & Co., Inc. and others, Civil No.

SJ2023CV11734. In this action, Plaintiffs sought a possessory injunction after Defendants allegedly prevented Plaintiffs from freely entering a portion of land in a Foreign Trade Zone ("FTZ") and accessing cars that Plaintiffs keep there until they are sold to avoid paying tariffs and duties. Id. Per the *Complaint,* both PCI DE and F40 have verbal agreements with V12 to use the FTZ and benefit from placing vehicles there. Id. ¶ 33.

On January 3, 2024, Defendants filed a *Notice of Removal*. (Docket No. 1). Defendants assert that FTZs are highly regulated by the U.S. federal government and thus, Plaintiffs' claims are preempted. Id. at 8-12. They further maintain that the access Plaintiffs request is contingent on both what F40 *and* the federal government allow. Id. at 11. In the alternative, Defendants argue that there is diversity jurisdiction in this case when considering only the citizenship of properly joined parties. Id. at 13-15. Defendants maintain that, although the *Complaint* included three plaintiffs (PCI DE, PCI PR, and BPR) and four defendants (Paulson & Co., F40, V12, and Cedeño), the only proper plaintiff is PCI DE and the only proper defendant is F40. Id.

## II.   APPLICABLE LAW

### A. Standard of Review for Removals

Pursuant to the federal removal statute 28 U.S.C § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." For a district court to have original jurisdiction over a civil action, it must be determined that "the case could have been filed originally in federal court based on a federal question, diversity of citizenship, or another statutory grant of jurisdiction." Villegas v. Magic Transp., Inc., 641 F. Supp. 2d 108, 110 (D.P.R. 2009) (citing Caterpillar, Inc. v. Williams, 482 U.S. 386, 392-93 (1987)).

If the propriety of a removal petition is questioned, "**the removing party bears the burden of showing that removal is proper**." Id. (citing Danca v. Priv. Health Care Sys., 185 F.3d 1, 4 (1st Cir. 1999)) (emphasis added). The First Circuit has held that, due to this burden and the federalism concerns that arise when considering removal jurisdiction, "**ambiguity as to the source of the law . . . ought to be resolved against removal**." Rossello-Gonzalez v. Calderon-Serra, 398 F.3d 1, 11

Civil No. 24-1001(RAM)                                                4

(1st Cir. 2004) (emphasis added). *See also* Asociacion de Detallistas de Gasolina de Puerto Rico, Inc. v. Shell Chem. Yabucoa, Inc., 380 F. Supp. 2d 40, 43 (D.P.R. 2005) ("When plaintiff and defendant clash about jurisdiction, uncertainties are construed in favor of remand.").

   **B. The Well-Pleaded Complaint Rule**

   Ordinarily, a plaintiff is considered the "master of the complaint." Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 831 (2002). As such, the well-pleaded complaint rule enables plaintiffs to have their cause of action heard in state court by "eschewing claims based on federal law." Caterpillar Inc., 482 U.S. at 398-99. In other words, **if the allegations presented in the complaint are premised only on local law, the claim cannot be deemed to have arisen under federal law and the case cannot be removed.** *See* Negron-Fuentes v. UPS Supply Chain Sols., 532 F.3d 1, 6 (1st Cir. 2008) and Cambridge Literary Props., Ltd. v. W. Goebel Porzellanfabrik G.m.b.H. & Co. KG., 510 F.3d 77, 93 (1st Cir. 2007). *See also* Villegas, 641 F. Supp. 2d at 112-13 ("Plaintiff recognized that he could have asserted a claim under federal law [but] exercised his discretion to decline to do so.").

   However, there are exceptions. "[C]ertain state claims are subject to removal, even if they purport to rest only on state

law, because the subject matter is powerfully preempted by federal law, which offers some 'substitute' cause of action." Negron-Fuentes, 532 F.3d at 6. (emphasis added). Similarly, "[e]ven though state law creates [plaintiff's] causes of action, [their] case **might still 'arise under' the laws of the United States if a well-pleaded complaint established that its right to relief under state law requires resolution of a substantial question of federal law in dispute between the parties**." Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Tr. for S. Cal., 463 U.S. 1, 13 (1983). This occurs on rare occasions where the asserted state law claims contain an "embedded federal question" that gives rise to federal subject matter jurisdiction, also referred to as the "federal ingredient" doctrine. See One & Ken Valley Hous. Grp. v. Me. State Hous. Auth., 716 F.3d 218, 224 (1st Cir. 2013); R.I. Fishermen's All., Inc. v. R.I. Dep't Of Env't Mgmt., 585 F.3d 42, 48 (1st Cir. 2009). An embedded federal question exists "in a 'special and small category of cases' where a 'state-law claim necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities.'" One & Ken Valley, 716 F.3d at 224 (quoting Gunn v. Minton, 568 U.S. 251, 258 (2013)).

Thus, pursuant to the well-pleaded complaint rule, for removal to be proper, the "complaint must exhibit, within its four corners, either an explicit federal cause of action or a state-law cause of action that contains an embedded question of federal law that is both substantial and disputed." R.I. Fishermen's All., Inc., 585 F.3d at 48 (citations omitted). Importantly, "[t]he existence of a federal defense to a state-law cause of action will not suffice. Id. (citing Louisville & Nashville R.R. Co. v. Mottley, 211 U.S. 149, 152 (1908)).

**C. Preemption**

The Supremacy Clause of the United States Constitution states that:

> This Constitution, and the Laws of the United States which shall be made in Pursuance thereof; and all Treaties made, or which shall be made, under the Authority of the United States, shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding.

U.S. Const. art. VI, cl. 2. By virtue of this clause, "the Constitution provides Congress with the power to pre-empt [sic] state law." La. Pub. Serv. Comm'n v. F.C.C., 476 U.S. 355, 357 (1986). However, "[f]ederal law is presumed not to have preemptive effect, and that presumption is overcome 'only in the face of clear and contrary congressional intent.'" Siembra Finca

Civil No. 24-1001(RAM)                                                7

Carmen, LLC. v. Sec'y of Dep't of Agric. of Puerto Rico, 437 F. Supp. 3d 119, 127 (D.P.R. 2020) (quoting Antilles Cement Corp. v. Fortuño, 670 F.3d 310, 323 (1st Cir. 2012). *See also* Fla. Lime & Avocado Growers, Inc. v. Paul, 373 U.S. 132, 142 (1963).

Congress may indicate its intent to preempt state law or regulations "through a statute's express language or through its structure and purpose." Altria Grp., Inc. v. Good, 555 U.S. 70, 76 (2008). Accordingly, a federal statute can preempt state law in one of three ways: (1) express preemption, whereby "congressional intent to preempt state law is made explicit in the language of a federal statute[;]" (2) field preemption, when "federal regulation in a legislative field is so pervasive that congressional intent allows no inference that it left room for the states to supplement it[;]" or (3) conflict preemption, which may arise "when it is impossible to comply with both federal and state law" or "when the state law stands as an obstacle to achieving the objectives of federal law." In re Allied Fin., Inc., 572 B.R. 45, 52-53 (Bankr. D.P.R. 2017) (citations omitted). *See also* Siembra Finca Carmen, LLC., 437 F. Supp. 3d at 127-28.

### III. DISCUSSION

The *Complaint* currently before this Court contains claims **exclusively** under Puerto Rico law. Pursuant to the well-pleaded

complaint rule, Plaintiffs' claims are not considered to have arisen under federal law and thus cannot be removed unless Defendants show that the subject matter of the complaint is **preempted by federal law or there exists an additional independent basis for federal jurisdiction**, such as diversity jurisdiction. *See* Negron-Fuentes, 532 F.3d at 6; Tenn. Gas Pipeline v. Houston Cas. Ins. Co.*,* 87 F.3d 150, 153 (5th Cir. 1996); Villegas, 641 F. Supp. 2d at 110.

Defendants assert that removal is proper because Plaintiffs' claims are preempted by the Foreign Trade Zones Act (the "FTZ Act"), 19 U.S.C. §§ 81a-81u, and its accompanying regulations. Although FTZs are highly regulated by the federal government, the FTZ Act does not preempt **all** claims and legislation with regards to FTZs, rather it recognizes states' concurrent jurisdiction over these zones.[1] Per the Foreign Trade Zones Manual, a comprehensive guide for FTZ operators and users, "[g]enerally, state and local laws are applicable in [FTZs], except to the extent that they are preempted by federal laws or the constitution." United States Customs and Border Protection,

---

[1] The FTZ Act defines the term "state" as "any State, the District of Columbia, and Puerto Rico[.]" 19 U.S.C. § 81a(c).

Foreign-Trade Zones Manual, Publication No. 0000-0559A, §§ 1.2, 2.1(e), (2011).[2]

The FTZ Act provides for cooperation between federal, state, and local governments by requiring that:

> The Board shall cooperate with the State, subdivision, and municipality in which the zone is located in the exercise of their police, sanitary, and other powers in and in connection with the free zone. It shall also cooperate with the United States Customs Service, the United States Postal Service, the Public Health Service, the Immigration and Naturalization Service, and such other Federal agencies as have jurisdiction in ports of entry described in section 81b of this title.

19 U.S.C. § 81i. Moreover, applicable regulations similarly dictate that FTZs "shall be operated by or under the general management of zone grantees, subject to the requirements of the FTZ Act and this part, as well as those of other federal, state and local agencies having jurisdiction over the site(s) and operation(s)." 15 C.F.R. § 400.41(a).

Nevertheless, it is uncontested that the FTZ Act preempts certain state and local taxation regimes that are at odds with the purpose of the law. Specifically, the FTZ Act exempts FTZs

---

[2] United States Customs and Border Protection Office of Field Publications, Foreign-Trade Zones Manual, Publication No. 0000-0559A (2011) https://www.cbp.gov/document/guides/foreign-trade-zones-manual.

from state and local *ad valorem* taxation of tangible property as follows:

> Tangible personal property imported from outside the United States and held in a zone for the purpose of storage, sale, exhibition, repackaging, assembly, distribution, sorting, grading, cleaning, mixing, display, manufacturing, or processing, and tangible personal property produced in the United States and held in a zone for exportation, either in its original form or as altered by any of the above processes, shall be exempt from State and local ad valorem taxation.

19 U.S.C. § 81o(e). *See also* United States v. 4,432 Mastercases of Cigarettes, More Or Less, 448 F.3d 1168, 1189 (9th Cir. 2006) (noting that "[t]he only express preemption in the FTZ Act is the prohibition on state and local ad valorem taxes" and finding that Congress has not "expressed an intent to occupy the entire field of activity around FTZs, such that state law should be preempted, or that state regulation creates an irreconcilable conflict").

In the absence of complete preemption, the Court is first tasked with evaluating whether Plaintiffs' "well-pleaded complaint necessarily raises a federal question." Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 313 (2005). Upon review, it is evident that **none** of Plaintiffs' Puerto Rico law claims articulated in the *Complaint* "require resolution of a substantial question of federal law in dispute

between the parties." Franchise Tax Bd., 463 U.S. at 13. The *Complaint* arises from the unravelling of the business relationship between the parties. In essence, Plaintiffs request that they be allowed to continue using and accessing an FTZ where they currently store vehicles before they are sold without interference from Defendants, none of whom are government entities or officials. (Docket No. 14-1). Although federal requirements apply generally to FTZs, any internal relationships and agreements among the private parties to this action are governed by Puerto Rico law and do not raise a federal question. Therefore, removal is not proper on this ground.

Defendants also allege that the case can be removed because there is diversity jurisdiction. As a threshold matter, Defendants fail to adequately plead the citizenship of the various limited liability companies ("LLCs") that are parties to this case. While Defendants correctly note that the citizenship of an LLC is determined by the citizenship of all of its members, they neglect to sufficiently aver the citizenship of a *single* LLC member in this action. As basic diversity jurisdiction case law holds, if a member of an LLC is an individual, the member's and the LLC's citizenship is determined by the member's domicile. Hall v. Curran, 599 F.3d 70, 72 (1st Cir. 2010). If the member is a corporation, it is deemed a

Civil No. 24-1001(RAM)                                                    12

citizen of every state by which it has been incorporated and where it has its principal place of business as determined by the "nerve center" test established by Hertz Corp. v. Friend, 559 U.S. 77, 80-81 (2010). Harrison v. Granite Bay Care, Inc., 811 F.3d 36, 40 (1st Cir. 2016) (quoting 28 U.S.C. § 1332). Allegations as to domicile, incorporation, and principal place of business are glaringly absent from the *Notice of Removal* and the LLC members' citizenship cannot be ascertained from the *Complaint*.

**Nevertheless, Defendants admit that complete diversity does not exist unless the Court disregards the citizenship of certain parties.** Indeed, Defendants maintain that diversity jurisdiction exists between the "proper" parties to the case, namely plaintiff PCI DE and defendant F40. Defendants assert that PCI DE is the only alleged "possessor" that can request a possessory injunction and that F40, as the operator of the FTZ, is the only defendant with any control over the access to the FTZ. (Docket No. 1 at 14). Albeit not clearly articulated as such, Defendants seem to invoke the fraudulent joinder doctrine. To prove a fraudulent joinder claim, "the defendant must demonstrate that plaintiff is unable to state a cause of action against the non-diverse defendant in state court." Ponce Super Ctr., Inc. v. Glenwood Holdings, Inc., 359 F. Supp. 2d 27, 30 (D.P.R. 2005)

(citations omitted). "In other words, the defendant must establish that there is no reasonable possibility that the non-diverse defendant could be held liable under the governing law, and the burden is a heavy one." Id. Defendants do not meet this burden. Although Defendants note that the only proper defendant with control over the FTZ is F40, they fail to both identify the non-diverse co-defendant and to address why Plaintiffs would be unable to assert a claim against them. The Court can nevertheless speculate that the non-diverse defendant is V12, *i.e.*, the owner of the land where the FTZ is located. Ultimately, Defendants did not make a showing that there is "no reasonable possibility" that V12 as owner of the land is properly joined in this case.

## IV.   CONCLUSION

Given the constitutional limitations on the jurisdiction of federal courts, district courts "have a responsibility to police the border of federal jurisdiction." Spielman v. Genzyme Corp., 251 F.3d 1, 4 (1st Cir. 2001). Even when "no party has questioned whether the district court had jurisdiction to rule in this case, it is well established that the courts have a duty to ensure that they are not called upon to adjudicate cases which in fact fall outside the jurisdiction conferred by Congress." Esquilin-Mendoza v. Don King Prods., Inc., 638 F.3d

1, 3 (1st Cir. 2011). In the case at bar, Defendants have not met their burden of establishing subject matter jurisdiction. Therefore, the case is hereby **REMANDED** to the Puerto Rico Court of First Instance, San Juan Superior Part, case caption and number: <u>PCI DE LLC and others v. Paulson & Co., Inc. and others,</u> Civil No. SJ2023CV11734.

Judgment shall be entered accordingly.

**IT IS SO ORDERED.**

In San Juan Puerto Rico, this 12th day of January 2024.

<u>S/ RAÚL M. ARIAS-MARXUACH</u><br>
United States District Judge

!